ABBIE L. WATERMAN

*v.*

PHILANDER M. ALDEN *et al.*

*Filed at Ottawa November 14, 1885.*

1. ADMINISTRATION—*distribution of personal property in kind.* Section 93, chapter 3, of the Revised Statutes, which provides that "if the sale of the personal property is not necessary for the payment of debts, legacies, or the proper distribution of the effects of the estate, the court may order that the property may be preserved and distributed in kind," has no application to notes, accounts, or other choses in action, some of which are good and others doubtful or desperate. They are not the kind of personal property the statute contemplates may be sold for the payment of debts, etc., and which the court may order to be preserved and distributed in kind.

2. If an estate consists of stocks which are not collectible, and which can only be realized upon by a sale, of government securities that will not fall due for many years, or notes or bonds amply secured on real estate, and which are of equal value, the sale of which is not necessary for the administration of the estate, the court, in the exercise of a sound discretion, might order such stocks and securities to be preserved and distributed in kind.

3. Where a party dies testate, leaving no descendant or issue, and his widow renounces the provisions of the will, the court, if it has the power to order a distribution of notes, bonds, judgments and accounts between the widow and the devisees, can not exercise its discretion until after two years have elapsed from the granting of letters testamentary. The matter of ordering "the personal property" to be preserved and distributed in kind, is largely, if not exclusively, in the discretion of the court hearing the cause.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of De Kalb county; the Hon. C. W. UPTON, Judge, presiding.

Mr. C. C. BONNEY, and Mr. JOHN L. PRATT, for the appellant.

Messrs. CARNES & DENTON, and Messrs. WILSON & MOORE, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Abbie L. Waterman filed her petition in the county court of De Kalb county, on the 1st day of July, 1884, in which she represented she was the widow of James S. Waterman, deceased; that her husband died on the 19th day of July, 1883, after he had made his last will and testament, and which, after his death, was duly admitted to probate. Respondents, Philander M. Alden and George S. Robinson, were named executors of his will by the testator, and on the will being admitted to probate they were duly appointed by the county court such executors, and took upon themselves the burden of such trust. The testator left no child or descendants of any child him surviving, and petitioner having renounced the provisions of the will in her favor, elected to take her share of the estate under the statute, which would be one-half of

the real and personal estate remaining after the payment of all just debts owing by the testator. It appears the personal assets of the estate amounted to something over $400,000. These the executors classified, as was their duty to do under the statute, "good," "doubtful," and "desperate." Claims to near the amount of $94,000, exclusive of interest which had and would accrue, had been allowed against the estate. It also appears the personal estate consists mostly of notes, some of which are secured by mortgages, others are not; stocks and bonds, book accounts and judgments, some of which are "good," some "doubtful," and others "desperate." Petitioner represents that of the assets not more than $90,000 are "doubtful" and "desperate," as appears from the inventory filed. But respondents now say that since the inventory was filed there has been a change,—one item of $60,000 or $75,000 would now be in the inventory differently. It also appears there has been divided $24,000, consisting of cash and stocks, between petitioners and the executors, under the order of the county court. It is also alleged in the petition, that after deducting the total amount of "doubtful" and "desperate" claims, and the amount of claims allowed against the estate, together with the amount heretofore distributed, there will remain a large amount of personal assets to be divided, and petitioner states she is willing to take her share of the personal estate in money, securities, mortgages, or other evidences of indebtedness due to the estate in kind, and asks the court to make an order upon the executors to so divide the estate. The county court denied the prayer of the petition, and its decision has been affirmed in the several courts through which the cause has come to this court.

The right to the relief which petitioner claims is thought to arise under section 93 of the act of 1872, which provides, "if the sale of the personal property is not necessary for the payment of debts, legacies, or the proper distribution of the effects of the estate, the court may order that the property

may be preserved and distributed in kind." This section of the statute contains no warrant for the relief sought. It has really no application to such a case as is stated in the petition. What the county court was asked to do was to order to be distributed notes and accounts and other choses in action. This the statute has not authorized to be done. That which the court may order to be "preserved and distributed in kind" is "personal property" the "sale of which is not necessary" for the settlement of the estate, or the payment of debts or legacies. The statute has made no provision for selling notes or accounts, except such as may be "doubtful" or "desperate." No provision is made for selling credits that are readily collectible, and no such practice has ever obtained, for the simple reason no necessity for so doing ever existed. Of course, notes and other evidences of indebtedness may be classed as "personal property," but they are evidently not that kind of "personal property" the statute contemplates may be sold for the payment of debts or legacies, or the proper distribution of the effects of the estate, and which the court may order to be preserved and distributed in kind. If the estate consisted of stocks which are not collectible, and which can only be realized upon by a sale, or of government securities that would not become due in many years, or notes or bonds amply secured on real estate, and which are of equal value, the sale of which is not necessary for the administration of the estate, the court, no doubt, in the exercise of a sound discretion, with which it is clothed by the statute in such matters, might order such stocks or securities to be preserved and distributed in kind. But that is not this case. Here, that which petitioner asks to have divided is notes and choses in action, some of which are "good," and some "doubtful," and others "desperate." Unless the parties should agree upon a division of the assets, it is obvious the court could not compel a division. Surely the court could not determine what was good and what was not, so as to order a distribution that would be equal and

just. Any attempt to do so would involve the estate in inextricable difficulties.

But waiving the question raised, whether the statute has any reference to distribution of notes and accounts, as is asked to be done by the petitioner, the facts in this record present no case for the relief which the statute provides the court in its discretion may grant. Two years have not yet elapsed since the granting of letters testamentary to respondents, and so it can not yet be ascertained what amount of claims will be presented against the estate. As before stated, the personal estate consists mostly of notes, some of which are secured by mortgages, others not; of book accounts, judgments and other credits. Of these assets it can not be known with any degree of certainty what amount can be collected. The evidence is, that since the inventory was made the assets have materially changed, and one of the executors testified "one item of $60,000 or $75,000 would now inventory differently." No copy of the will appears in this record, but it seems to be conceded one-half of the estate, after the payment of all claims against it, will remain in the hands of the executors in trust, to be distributed as the will directs. How that may be is not known to this court. It can readily be seen if the assets are to remain in the hands of the executors as trust funds, it would increase the difficulty of making any division, and this very fact may have induced the court to deny, in its discretion, the relief asked by petitioner. The matter of ordering the "personal property" to be "preserved and distributed in kind," is largely, if not exclusively, in the discretion of the court hearing the cause, and under the facts appearing in this record it was eminently wise to refuse a distribution of the assets of the estate in kind. If it were an original question in this court, no doubt the same conclusion would be reached.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*